

# NUMBER 13-22-00269-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CHRISTINA MARIE DOWNUM,                                                      Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

### On appeal from the 36th District Court
### of San Patricio County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Chief Justice Contreras**

Appellant Christina Marie Downum attempts to appeal an order of deferred adjudication community supervision for the offense of assault on a public servant. *See* TEX. PENAL CODE ANN. § 22.01(b)(1). The trial court deferred adjudication on March 15, 2022, and appellant filed her notice of appeal on June 9, 2022. On June 13, 2022, the Clerk of this Court notified appellant that it appeared that the appeal had not been not

timely perfected and advised appellant that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. *See* TEX. R. APP. P. 37.1. Appellant did not respond to the Clerk's notice, request an extension of time to respond, or correct the defect.

In a criminal case, the defendant must file a notice of appeal within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. *See id.* R. 26.2(a)(1). If the defendant timely files a motion for new trial, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See id.* R. 26.2(a)(2). The defendant may obtain an extension of time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the defendant files the notice of appeal in the trial court and files a motion complying with the Texas Rules of Appellate Procedure in the appellate court. *See id.* R. 26.3; *see also id*. R. 10.5. Thus, a late notice of appeal may be considered timely if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *See Olivo*, 918 S.W.3d at 522. Here, appellant did not file a motion for new trial or a motion for extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.2(a)(2), 26.3. Therefore, her notice of appeal was due by April 14, 2022, but was not filed until June 9, 2022. *See id.* R. 26.2(a)(1).

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a

2

timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

The Court, having examined and fully considered the documents on file and the applicable law, is of the opinion that the notice of appeal was not timely filed, and we thus lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d 208; *Olivo*, 918 S.W.2d at 522; *see also Ater v. Eighth Ct. of Apps.,* 802 S.W.2d 241, 242–43 (Tex. Crim. App. 1991) (orig. proceeding) (explaining that out-of-time appeals are governed by post-conviction writs of habeas corpus). We further note that, even if appellant had timely appealed, the trial court's certification states that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). We dismiss this appeal for lack of jurisdiction.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
11th day of August, 2022.